OPINION OF THE COURT
Randy Sue Marber, J.
*1037 The petitioner, Todd Matarazzo, moves for an order, pursuant to CPLR 7503 (a): (i) directing the respondent to proceed to arbitration; (ii) directing the respondent to produce documents as requested by the petitioner; (iii) directing the respondent to pay its share of the arbitration fees, or in the alternative, for a judgment in the amount of $23,968.75; and (iv) directing the respondent to pay the costs and attorney’s fees incurred during the instant proceeding. The respondent opposes the petition and requests that this court stay the arbitration, rescind or invalidate the arbitration clause within the employment agreement between the parties, and sever that clause from the agreement.
The underlying dispute arises out of a written employment agreement (agreement) entered into and executed by the petitioner and the respondent. The respondent is a registered mortgage broker that arranges for residential and commercial mortgages. The petitioner was hired as a mortgage sales manager for the respondent and the term of the agreement that is the subject of this action was from May 14, 2004 through May 13, 2008. A dispute arose between the parties towards the end of the employment term.* Paragraph 22 of the agreement provided that any and all disputes, controversies, disagreements or claims under the agreement “shall be resolved by mandatory final and binding arbitration.” (See agreement, petition, exhibit 1, If 22.) The agreement further provided for the following fee-splitting arrangement:
“All fees and expenses associated with the arbitration shall be paid equally by the Company and Matarazzo except Matarazzo’s liability for any fees and expenses or any other costs associated with arbitration shall be capped at $3,000.00. Under no circumstances shall Matarazzo be liable for any fees, expenses or other costs associated with the arbitration in excess of $3,000 despite the amount of any such fees, expenses or costs generated by the arbitration. The arbitrator shall have the full discretion and authority to award attorneys’ fees to the prevailing party.”
The petitioner alleges that, while he has paid his share of the arbitration fee in the amount of $3,000 in accordance with the terms of the agreement, the respondent has failed to pay its *1038 share. The respondent has only paid $731.25 as of June 23, 2009, and has refused to pay any additional monies to the American Arbitration Association (AAA). The petitioner submitted invoices that establish the petitioner’s payments to the AAA totaling $3,000 and the respondent’s payments to AAA totaling $731.25, with an outstanding balance of $23,968.75. On August 25, 2009, the Arbitrator, Rosemary A. Townley, issued a “Suspension for Non-Payment Order” for nonpayment of arbitration fees. (See petitioner’s exhibit 11.) The petitioner also submitted an electronic communication from the respondent’s counsel to the AAA inquiring about the outstanding balance that needed to be paid in order to resume the arbitration. (See petitioner’s exhibit 13.) The outstanding balance to be paid by the respondent in order to resume the arbitration was $3,431.25.
The petitioner states that the respondent’s request to stay the arbitration is untimely. On or about February 13, 2009, the petitioner served a notice of intention to arbitrate pursuant to CPLR 7503 (c). The respondent failed to object to the notice and further failed to move within the applicable time period to stay the arbitration. The petitioner contends that the respondent’s request for a stay is not only untimely, but procedurally defective as the respondent failed to cross-move for the requested relief.
In opposition, the respondent urges this court to render unenforceable the fee-splitting clause in the agreement as a matter of public policy, sever it from the agreement and allow the parties to proceed to the alleged lower cost alternative of adjudicating the claims in court. In support of its position, the principal of the respondent, Lisa Margulefsky, states in her affidavit that she was not aware of what she was signing at the time she executed the contract. Ms. Margulefsky further states that she did not have an attorney at the time of execution and that the fee-splitting clause should be construed against the party who drafted the agreement which in this case was the petitioner’s counsel. The respondent states that if the court directs the respondent to arbitrate and pay the outstanding balance, the respondent would not be able to afford the arbitration costs and that it would suffer the loss of its rights to defend itself and present counterclaims against the petitioner.
In Matter of Brady v Williams Capital Group, L.P. (14 NY3d 459 [2010]), a case heavily relied upon by the respondent, at issue was an agreement to arbitrate that provided that the *1039 employer and employee equally share the cost of the arbitration. The agreement differed from the AAA rules which require that the employer bear the entire cost of the arbitration (employer pays rule). The trial court held that the arbitration agreement, rather than the AAA rules, applied, requiring the employee to equally share in the cost of the arbitration. (17 Mise 3d 325 [2007].) On appeal, the Appellate Division reversed and directed the employer to pay the entire arbitration fee subject to a reallocation of the costs by the arbitrator. (64 AD3d 127 [2009].) The Court of Appeals modified the Appellate Division’s decision, finding that it was important and relevant to resolve the “financial ability” question. Specifically, the court found that it was important to determine the extent to which the employee was able to incur the costs of the arbitration. The court found instructive federal cases that addressed the same issue.
Guided by Green Tree Financial Corp.-Ala. v Randolph (531 US 79 [2000]), the Court of Appeals of New York held that the issue of a litigant’s financial ability is to be resolved on a case-by-case basis and that the inquiry should, at a minimum, consider the following questions: (1) whether the litigant can pay the arbitration fees and costs; (2) what is the expected cost differential between arbitration and litigation in court; and (3) whether the cost differential is so substantial as to deter the bringing of claims in the arbitral forum. (Matter of Brady v Williams Capital Group, L.P., 14 NY3d 459, 467 [2010].) In so holding, the court recognized the State’s public policy favoring arbitration agreements, finding a strong policy requiring the invalidation of such agreements if they contain terms that could preclude a litigant from vindicating the asserted right in arbitral forum. (Id.)
Each of the cases discussed in Brady, which are relied upon by the respondent, involve an employee that is claiming that the arbitration costs are prohibitively expensive. The respondent here urges this court to apply the same rules where an employer alleges that the costs of the arbitration are too costly. The court declines to do so.
The principal of the respondent, Ms. Margulefsky, states that she was not aware of the potential costs of an arbitration at the time she executed the contract because she was not represented by counsel. However on February 13, 2009, the notice of intention to arbitrate was served on Ira Scott Meyerowitz, the respondent’s current attorney. There is no indication in the *1040 documents presented that the respondent’s principal herself, or through her attorney, ever objected to the notice of intention to arbitrate. The respondent’s principal urges the court to rescind the fee-splitting provision of the agreement because “she did not know” what the cost would be and insinuates that she could not have known as she was not represented by counsel.
Based on the representations of the respondent, the court is not inclined to expand the Brady decision to include circumstances where an employer fails to exercise due diligence prior to executing an employment agreement. Any allegations by the respondent that the petitioner fraudulently induced the respondent to enter into the agreement is without merit. The petitioner’s counsel, in drafting the employment agreement, went beyond that which an employer is obligated to do pursuant to AAA rules, which contains an “employer-pays” rule. Additionally, the respondent not only failed to object to the notice of intention to arbitrate, but also failed to object, or otherwise seek judicial intervention, when it received multiple invoices and written communications regarding the arbitration fees. In fact, the respondent participated in the arbitration proceedings from its inception, including participating in a full day of hearings. The respondent’s participation in the arbitral process waived any objection to the arbitration. (Matter of Allstate Ins. Co. v Khait, 227 AD2d 551 [2d Dept 1996].)
The respondent also contributed to the increased costs of arbitration by cancelling the second scheduled hearing date. The cancellation fee charged by AAA covering two days of hearings totaled $3,600. (See petitioner’s exhibit 10.) Further, the petitioner alleges in his reply memorandum that the respondent insisted on two days of hearings which required a full deposit for two days of the arbitrator’s time. (See petitioner’s exhibit 10.) Notably, to minimize the costs of the arbitration, the respondent could have avoided the cancellation of the scheduled hearing and attempted to narrow the issues in order for the arbitration to be completed in one day. These cost-effective tactics are still available when the parties proceed to arbitration.
In light of the foregoing, the petitioner’s request that the court direct the respondent to proceed to arbitration is granted. The respondent is directed to pay AAA the outstanding balance that is due and owing which must be paid in order to proceed with the arbitration. Thereafter, the respondent is directed to pay additional costs as they become due, subject later to any reallocation of those costs if so determined by the arbitrator.
*1041 The petitioner’s request that this court direct the respondent to produce documents as previously requested by the petitioner is denied. This court does not maintain jurisdiction over the discovery of the arbitration proceedings.
Accordingly, it is hereby ordered that the petitioner’s motion directing the respondent to proceed to arbitration is granted; and it is further ordered that the respondent is directed to pay AAA the outstanding balance of $3,431.25, to reopen the arbitration proceedings within 30 days of the date of this order and to pay additional costs as they become due.

 Although the petitioner and the respondent refer in detail to the claims and defenses underlying the dispute, those issues are not properly before this court and the merits of same will not be addressed herein.